101 F.3d 684
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Hok Kwai CHAU, a/k/a "Peter Chan," Defendant-Appellant.
 No. 95-1590.
 United States Court of Appeals, Second Circuit.
 May 20, 1996.
 
 1
 APPEARING FOR APPELLANT: Thomas M. Nooter, Freeman, Nooter & Ginsburg, New York, NY.
 
 
 2
 APPEARING FOR APPELLEE: Treby McL. Williams, Assistant United States Attorney for the Southern District of New York, New York, NY.
 
 
 3
 Present: GRAAFEILAND, MAHONEY, Circuit Judges, CARTER,*, District Judge.
 
 
 4
 1. Defendant-appellant Hok Kwai Chau appeals from a judgment entered October 26, 1995 in the United States District Court for the Southern District of New York upon Chau's plea of guilty to one count of using, transferring, acquiring, and possessing food stamps of a value of $100 or more in a manner contrary to law in violation of 7 U.S.C. § 2024(b). Chau pleaded guilty pursuant to a plea agreement with the government in which both parties stipulated that: (1) Chau's offense level should be computed under USSG § 2F1.1, resulting in a base offense level of 6; (2) the amount of loss caused by Chau's illegal acquisition of food stamps amounted to $1,600; (3) a two-level increase was appropriate for more than minimal planning pursuant to USSG § 2F1.1(b)(2); (4) a two-level decrease was appropriate under USSG § 3E1.1, assuming that Chau sufficiently accepted responsibility; and (5) Chau's criminal history category was I. This agreement yielded a sentencing range of zero to six months. The parties also agreed that "neither a downward nor an upward departure from the Guideline Range set forth [in the plea agreement was] warranted."
 
 
 5
 2. Notwithstanding the parties' agreement on the appropriate sentencing range, the district court departed upwards to a range of ten to sixteen months and then sentenced Chau, inter alia, to five months imprisonment followed by two years supervised release, during which release Chau was to serve five months of home detention. (Because home detention is deemed imprisonment for purposes of the Guidelines, see USSG §§ 5B1.4(b)(20), 5B1.4(b), comment. (n.1), 5F1.2, an upward departure was required for the imposition of this sentence.) The sentencing court explained the reasons for this ruling in an opinion and order. See United States v. Chau, No. 95 Cr. 15(JSM), slip op. (S.D.N.Y. Oct. 13, 1995). A number of Guidelines provisions were invoked in that ruling, but the underlying factual premise for the determination was the court's conclusion that the evidence "prove[d] circumstantially that [Chau] was a regular illegal dealer in food stamps," id. at 7, with the result that the dollar volume of the fraud for which he was responsible was substantially underrepresented by the $1600 figure, id. Chau challenges the court's upward departure on this appeal.
 
 
 6
 3. The district court concluded that an upward departure was warranted under USSG § 2F1.1, comment. (n.10), which permits a court to depart upwardly when the offense level (based upon amount of loss) prescribed by § 2F1.1(b)(1) "does not fully capture the harmfulness and seriousness of the conduct." Although we sympathize with the concerns articulated by the district court in its opinion and order, we nonetheless conclude that its key factual determination was clearly erroneous. See United States v. Deutsch, 987 F.2d 878, 884-85 (2d Cir.1993) (district court's legal conclusions for sentencing reviewed de novo, but factual findings for clear error). That is, we are left " 'with the definite and firm conviction that a mistake has been committed.' " Anderson v. Bessemer City, 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). We do not believe that the preponderance of the evidence, see United States v. Concepcion, 983 F.2d 369, 388 (2d Cir.1992), cert. denied, 114 S.Ct. 163 (1993), supports the conclusion that Chau was "a regular illegal dealer in food stamps."
 
 
 7
 4. The criminal complaint outlines only four instances of unlawful food stamp transactions by Chau. There is no allegation, much less proof by a preponderance of evidence, that Chau participated in any larger criminal enterprise. The district court may be correct in its surmise, based upon the circumstances of some of these transactions, that Chau was a participant in a broader criminal scheme. But because the record is devoid of any facts demonstrating that Chau was involved in such an enterprise, we cannot conclude that this has been established. Cf. United States v. Gigante, 39 F.3d 42, 48 (2d Cir.1994) (Upward departures "must be reasonable [and] ... an appellate court would and should take the weight of the evidence into account in reviewing the reasonableness of a departure.").
 
 
 8
 5. In addition, if there were adequate evidence of Chau's participation in a broader criminal enterprise involving food stamps, the uncharged activity would constitute relevant conduct that was "part of the same course of conduct or common scheme or plan as the offense of conviction" within the meaning of USSG § 1B1.3(a)(2), and should therefore lead to an enhanced sentence under the rubric of relevant conduct rather than via an upward departure. See United States v. Schaper, 903 F.2d 891, 898-99 (2d Cir.1990). We note in this connection that USSG § 2F1.1, comment. (n.10), the provision upon which the district court relied to depart because the offense level provided by straightforward application of § 2F1.1(b)(1) did not "fully capture the harmfulness and seriousness of [Chau's] conduct," addresses distinctive characteristics of the conduct for which the defendant was convicted, rather than relevant conduct for which the defendant was not convicted, in the numerous examples that it provides as justifying enhancement. Cf. United States v. Kim, 896 F.2d 678, 684 (2d Cir.1990) (upward departure appropriate for "acts that relate in some way to the offense of conviction, even though technically not covered by the definition of relevant conduct").
 
 
 
 *
 The Honorable Robert L. Carter, United States District Judge for the Southern District of New York, sitting by designation